JUL 7 2025 PM 1:23
FILED-USDC-CT-New_Haven

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

RANDALL CLARK,

          Plaintiff,

v.

32 SPORTS. INC et al.

          Defendants.

Civil Action No. 3:25-cv-302 (SFR)

**OPPOSITION TO MAGISTRATES ORDER**

**INTRODUCTION**

1. Plaintiff Randal Clark respectfully submits this opposition to the Magistrate Judge's Recommended Ruling dated June 28, 2025, which recommends partial dismissal of Plaintiff's claims. While Plaintiff concedes certain claims as outlined herein, can be cured by amending the complaint with leave to amend, plaintiff is able to plead plausible, good-faith allegations that can and will cure the identified deficiencies, in this opposition and the Magistrates Recommendation and Order.

2. Plaintiff objects to the dismissal of several other claims and parties, as the recommendations overlook factual allegations in the Complaint that, when accepted as true, plausibly state claims for relief under applicable federal and state law. Plaintiff further contends that the Magistrate's analysis misapplies pleading standards and relevant

1

precedent to the facts alleged, warranting review and rejection of some parts of the Magistrates Recommendation and Order.

## STANDARD OF REVIEW

3. Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the District Court must make a de novo determination of those portions of a Magistrate Judge's recommended ruling to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The District Court is required to "review de novo any part of the magistrate judge's disposition that has been properly objected to." United States v. Raddatz, 447 U.S. 667, 673–74 (1980); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

4. In conducting this review, the Court must construe a pro se plaintiff's objections and pleadings liberally, holding them to less stringent standards than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Where a pro se party raises objections that clearly identify errors in the Magistrate's findings or legal conclusions, the Court must review those issues de novo.

5. **Count One – Assault and Battery Plaintiffs Position.** Plaintiff concedes that Count One for Assault and Battery should be dismissed as to Defendant 32 Sports. However, Plaintiff maintains that this claim is properly asserted against the Hibbert brothers. As recognized by the Magistrate, Count One states a viable claim of assault and battery against the Hibbert brothers, plausibly alleging that they "intend[ed] to cause a harmful or offensive contact . . . or an imminent apprehension of such contact" (assault) and did

cause such contact (battery). *See Walker v. Ellis*, No. 3:24-cv-1269 (VDO), 2024 WL 4382760, at *4 (D. Conn. Oct. 2, 2024). Accordingly, Plaintiff does not oppose the dismissal of Count One solely as to 32 Sports.

6. **Count Two – Unfair Trade Practices Plaintiff's Position.** Plaintiff concedes that Count Two, asserting unfair and deceptive trade practices under either Massachusetts law or the Connecticut Unfair Trade Practices Act (CUTPA), fails to state a viable claim against any defendant. Accordingly, Plaintiff agrees to withdraw Count Two in its entirety against all defendants and does not oppose its dismissal from the Complaint.

7. **Count Three – Negligence** Plaintiffs Position. Plaintiff agrees that Count Three – Negligence should be dismissed without leave to amend as to Officer Collins**.** However, Plaintiff respectfully requests that Count Three be permitted to proceed against Matt Lawrence, James Lawrence, and 32 Sports Inc. as the magistrate judge recommends**,** as the Complaint sufficiently alleges facts supporting a claim of negligence against these defendants.

8. Additionally, Plaintiff requests that Count Three be dismissed with leave to amend as to Dustin Hibbert and Damon Hibbert**,** and respectfully seeks 30 days to submit an amended complaint to correct and clarify the factual basis for the negligence allegations against them.

9. **Count Four – Defamation Plaintiff's Position.** Plaintiff agrees with the Magistrate Judge's recommendation regarding Count Four – Defamation. As stated in the Report, Plaintiff has adequately pleaded malice by plausibly alleging that the Hibbert brothers angrily attacked him following their team's losses and then knowingly made a false report to the police that Plaintiff had a firearm in an effort to cover up their assault. Accordingly, Plaintiff concurs that Count Four states a plausible claim for defamation and should be permitted to proceed against the Hibbert brothers.

10. **Count Five – Malicious Prosecution Plaintiff's Position.** Plaintiff agrees with the Magistrate Judge's recommendation that Count Five – Malicious Prosecution be dismissed without prejudice, as the related criminal case remains pending and has not yet been resolved in Plaintiff's favor. Plaintiff respectfully requests that, should the criminal proceedings be terminated favorably, he be granted leave to amend the Complaint at that time to reassert the malicious prosecution claims against Officer Collins and Officer Potter. Plaintiff acknowledges that, as noted in the Report, the claim has not yet accrued and the state docket confirms that the case remains active. See *State v. Clark*, K10K-CR24-0380156-S (last accessed June 12, 2025)".

11. **Count Six – Abuse of Process Plaintiff's Position.** Plaintiff agrees with the Magistrate Judge's recommendation that Count Six – Abuse of Process be dismissed without prejudice as premature with respect to Officer Collins and Officer Potter. Plaintiff acknowledges that, as noted in the Report, the pending firearms prosecution involves overlapping factual and legal issues, and the ultimate outcome of that case could bear directly on the abuse of process claim.

12. As the Magistrate explained, allowing such a claim to proceed now could result in duplicative litigation, impact judicial efficiency, and potentially chill legitimate litigation efforts in the ongoing criminal matter. Accordingly, Plaintiff agrees that the abuse of process claim is premature at this stage. However, Plaintiff respectfully reserves the right to amend the Complaint to reassert this claim once the state court proceedings have concluded in his favor.

13. **Count Seven – Negligent hiring, training, and supervision**. **Plaintiff's Position.** Plaintiff agrees with the Magistrate Judge's recommendation regarding Count Seven – Negligent Hiring, Training, and Supervision. Plaintiff does not oppose the recommendation that Count Seven be dismissed without leave to amend as to the Groton Police Department, which is not a legal entity subject to suit.

14. However, Plaintiff respectfully requests that Count Seven be dismissed with leave to amend as to Officer Collins, Officer Potter, Matt Lawrence, James Lawrence, and 32 Sports Inc. Plaintiff seeks the opportunity to revise and clarify the allegations in an amended complaint to adequately support these claims.

15. **Count Eight – Intentional infliction of emotional distress**. **Plaintiff's Position.** Plaintiff agrees with the Magistrate Judge's recommendation that Count Eight (a) be permitted to proceed against Dustin Hibbert and Damon Hibbert, and (b) be dismissed with leave to amend as to Officer Collins, Officer Potter, Matt Lawrence, James Lawrence, and 32 Sports Inc.

16. Plaintiff respectfully moves the Court to grant leave to amend the Complaint and requests 30 days to file an amended complaint following the Court's ruling on the Magistrate's

recommendations, in order to clarify and supplement the allegations in support of Count Eight against the remaining defendants.

17. **Count Nine – Civil Conspiracy to Violate Rights Plaintiff's Position.** Plaintiff agrees with the Magistrate Judge's recommendation that Count Nine be dismissed with leave to amend as to Officers Collins and Potter, the Lawrence brothers, and 32 Sports Inc.

18. Plaintiff respectfully moves the Court to grant leave to amend and requests 30 days to file an amended complaint after the Court enters its ruling, so that Plaintiff may clarify and strengthen the allegations supporting this claim.

19. **Count Ten – False Arrest/Imprisonment, Plaintiff's Position.** Plaintiff agrees with the Magistrate Judge's recommendation that Count Ten be stayed as to Officer Collins and Officer Potter**.** Plaintiff acknowledges that a stay is appropriate pending the outcome of the related state criminal proceedings, and does not oppose the Court's recommendation to defer adjudication of this claim until those proceedings are resolved.

## CONCLUSION

20. Plaintiff respectfully request that the court fine that the plaintiff be allowed to reserves the right and to amend the Complaint to reassert this claim once the state court proceedings have concluded in his favor.

21. This is a recommended ruling pursuant to Fed. R. Civ. P. 72(b)(1). Plaintiff completed this opposition on June 28, 2025. In accordance with Rule 72(b)(2) and the additional three days provided under Rule 6(d) for service by mail, Plaintiff states that all objections to the Magistrate Judge's Recommended Ruling will be mailed today or filed with the

Clerk of the Court on or before June 30, 2025, in Case No. 3:25-cv-00302-SFR, Document 22 filed June 12, 2025

Randall Clark                                              Date: June 28, 2025

122 Sharon Street

Medford, Ma  02155

rjcconsolidate@gmail.com

508-371-5287

## VERIFICATION OF OPPOSITION TO MAGISTRATES RECOMMENDATION AND ORDER AND CERTIFICATION STATE OF MASSACHUSETTS

I, Randall Clark, declare under penalty of perjury that the facts stated in the foregoing opposition are true and correct to the best of my knowledge. I am over 21 years of age and have firsthand knowledge of the events described, including the assault by the defendants and my incarceration by the Groton Connecticut Police Department on or about May 11, 2024.

Pursuant to 28 U.S.C. § 1746(2), I hereby certify under penalty of perjury that the foregoing is true and correct.

Randall Clark                                    Date: June 28, 2025

122 Sharon Street

Medford, Ma  02155

rjcconsolidate@gmail.com

508-371-5287

FROM:
RANDALL CLARK
122 SHARON ST
MEDFORD, MA
02155

TO:
UNITED STATES COURTHOUSE
C/O CLERKS OFFICE
141 CHURCH STREET
NEW HAVEN, CT 06510