MAY 4 2026 PM2:35
FILED-USDC-CT-NEW HAVEN

# (Exhibit A)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| RANDALL CLARK,<br><br>          Plaintiff,<br><br>v.<br><br>MATT LAWRENCE<br><br>JAMES LAWRENCE<br><br>32 SPORTS.INC<br><br>DUSTIN HIBBERT<br><br>DAMON HIBBERT<br><br><br><br>          Defendant. | Civil Action No. 3:25-cv-302 (SFR) |

**AMENDED VERIFIED COMPLAINT**

**INTRODUCTION**

1. This action arises from a violent assault against Plaintiff Randall Clark at a youth flag football event held in Groton, Connecticut on May 11, 2024, during which Defendants Dustin Hibbert and Damon Hibbert physically attacked Plaintiff.

2. At all relevant times, the event was organized, operated, and controlled by Defendant 32 Sports, Inc., under the direction and management of Defendants Matt Lawrence and James Lawrence.

2

3. Plaintiff Randall Clark was the victim of the assault perpetrated by Defendants Dustin Hibbert and Damon Hibbert, and the incident was captured on video evidence.

4. Following the assault, Defendants Dustin Hibbert and Damon Hibbert made false accusations against Plaintiff Randall Clark, including allegations of serious criminal conduct, in an effort to justify and conceal their actions.

5. As a direct and proximate result of the conduct of Defendants Dustin Hibbert and Damon Hibbert, and the failure of Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence to provide adequate supervision and safety measures, Plaintiff Randall Clark suffered severe physical injuries, emotional distress, reputational harm, and economic damages.

## PROCEDURAL POSTURE

6. This Amended Complaint is filed by Plaintiff Randall Clark in response to the Court's Recommended Ruling issued pursuant to 28 U.S.C. § 1915.

7. The Recommended Ruling dismissed all claims against the Groton Police Department and identified pleading deficiencies with respect to certain claims and defendants.

8. In accordance with the Recommended Ruling, Plaintiff Randall Clark voluntarily omits the following defendants from this Amended Complaint: Town of Groton, Groton Police Department, Officer Andrew Collins, and Officer Potter.

9. Plaintiff Randall Clark proceeds at this time solely against the remaining private defendants: 32 Sports, Inc., Matt Lawrence, James Lawrence, Dustin Hibbert, and Damon Hibbert.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

11. Plaintiff is a citizen of Massachusetts.

12. Defendant 32 Sports, Inc. is incorporated in Connecticut with its principal place of business in Connecticut.

13. Defendants Matt Lawrence, James Lawrence, Dustin Hibbert, and Damon Hibbert are citizens of Connecticut.

14. Complete diversity exists between Plaintiff and all Defendants.

15. The amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Venue is proper in this District.

## PARTIES

17. Plaintiff Randall Clark ("Plaintiff") is a Resident of Medford Massachusetts .

18. Defendant 32 Sports, Inc. ("32 Sport")is a Corporation located in the State of Connecticut..

19. Defendant Matt Lawrence ("Matt") managed event operations and safety and is an officer of 32 Sports, Inc.  .

20. Defendant James Lawrence ("James")managed event operations and safety and is an officer of 32 Sports, Inc.  .

21. Defendant Dustin Hibbert ("Dustin") participated in and initiated the assault on the plaintiff and is a coach and or employee of 32 Sports, Inc.

22. Defendant Damon Hibbert ("Damon") is a football player for 32 Sports, Inc. and participated in the assault on the plaintiff.

4

## FACTUAL ALLEGATIONS

### A. The Event and Safety Failures

23. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence organized, operated, and controlled a large youth football event involving numerous participants, coaches, and spectators.

24. The event included competitive play, large crowds, heightened emotions, and alcohol consumption, creating an environment where disputes and physical altercations were reasonably foreseeable.

25. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence failed to implement basic and necessary safety measures, including but not limited to:

- Providing trained security personnel;
- Establishing crowd control procedures;
- Monitoring escalating conflicts among participants;
- Providing on-site medical personnel;
- Implementing emergency response protocols.

26. These failures created a dangerous and uncontrolled environment and a foreseeable risk of violent confrontation.

### B. Assault

27. Defendants Dustin Hibbert and Damon Hibbert became aggressive following disputes during gameplay when they lost the football game.

28. Defendant Dustin Hibbert approached Plaintiff Randall Clark from behind and struck him in the face without warning with a closed fist which is on video.

29. Defendant Damon Hibbert joined in the assault on Plaintiff Randall Clark.

30. Plaintiff Randall Clark was repeatedly struck and injured by Defendants Dustin Hibbert and Damon Hibbert.

31. Defendant Damon Hibbert and Damon Hibbert followed plaintiff around the park and continued to assault the plaintiff as plaintiff looked for his teenage son to leave.

32. The assault was captured on video.

33. As a direct result of the assault, Plaintiff Randall Clark suffered a fractured jaw and other serious physical injuries.

## C. Failure to Supervise

34. Defendants Dustin Hibbert and Damon Hibbert exhibited escalating aggressive and confrontational behavior prior to the assault.

35. Defendants Matt Lawrence and James Lawrence observed, or in the exercise of reasonable care should have observed, this escalating behavior.

36. Plaintiff Randall Clark approached Defendants Matt Lawrence and James Lawrence and requested assistance and intervention to prevent further conflict.

37. Defendants Matt Lawrence and James Lawrence failed to provide any assistance, failed to intervene, and failed to take any action to de-escalate the situation or remove Defendants Dustin Hibbert and Damon Hibbert.

38. Defendants Matt Lawrence and James Lawrence failed to control their employee Dustin Hibbert.

39. Defendants Matt Lawrence and James Lawrence failed to supervise the event in a reasonable manner and failed to protect Plaintiff Randall Clark from a foreseeable risk of harm.

40. The assault on Plaintiff Randall Clark was foreseeable and preventable.

41. Defendants Matt Lawrence and James Lawrence failed to have a safe environment.

# F. Failure to Provide Security, Medical Response, and Safe Event Conditions

42. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence were responsible for planning, organizing, supervising, and ensuring the safety of participants and spectators at the youth football event.

43. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence failed to provide any on-site security personnel despite the presence of large crowds and competitive conditions.

44. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence failed to provide any emergency medical personnel, ambulance services, or coordinated medical response in the event of injury.

45. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence allowed alcohol to be consumed and/or served at a youth football event attended by children and families, thereby increasing the likelihood of disorderly conduct, impaired judgment, and violent confrontation.

46. Despite the presence of alcohol and escalating tensions among participants, Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence failed to implement any safeguards to monitor or control intoxicated or aggressive individuals.

47. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence failed to take reasonable steps to ensure that the event was conducted in a safe and controlled manner appropriate for a children's sporting event.

48. These failures, including the absence of security, lack of medical preparedness, and allowance of alcohol consumption, created a dangerous and foreseeable risk of harm to Plaintiff Randall Clark and others present.

49. As a direct and proximate result of these failures, the assault on Plaintiff Randall Clark occurred and the resulting injuries were exacerbated by the lack of immediate medical response.

## D. False Statements

50. Following the assault, Defendants Dustin Hibbert and Damon Hibbert falsely accused Plaintiff Randall Clark of possessing firearms, committing criminal acts, and firing shots.

51. These statements were knowingly false or made with reckless disregard for the truth.

52. Defendants Dustin Hibbert and Damon Hibbert made these false statements to third parties, including individuals present at the scene.

## E. Damages

53. As a direct and proximate result of the conduct of Defendants Dustin Hibbert, Damon Hibbert, 32 Sports, Inc., Matt Lawrence, and James Lawrence, Plaintiff Randall Clark suffered:

- Severe physical injuries;

- Pain and suffering;

- Emotional distress;

- Reputational harm;

- Loss of employment opportunities;

- Denial of housing;

- Economic and financial damages.

## COUNT ONE

## ASSAULT AND BATTERY

(Against Defendants Dustin Hibbert and Damon Hibbert)

54. Plaintiff Randall Clark repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

55. Defendants Dustin Hibbert and Damon Hibbert intentionally, willfully, and without justification made harmful and offensive physical contact with Plaintiff Randall Clark.

56. Defendant Dustin Hibbert struck Plaintiff Randall Clark in the face without warning, and Defendant Damon Hibbert joined in the physical attack.

57. Defendants Dustin Hibbert and Damon Hibbert continued to strike, hit, and physically assault Plaintiff Randall Clark.

58. The actions of Defendants Dustin Hibbert and Damon Hibbert were intentional and undertaken with the purpose of causing harm or with substantial certainty that harm would result.

59. As a direct and proximate result of the actions of Defendants Dustin Hibbert and Damon Hibbert, Plaintiff Randall Clark suffered serious physical injuries, including but not limited to a fractured jaw, head trauma, and other bodily injuries.

60. Plaintiff Randall Clark also suffered pain and suffering, emotional distress, and other damages as a result of the assault and battery.

**COUNT TWO**

NEGLIGENCE

(Against Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence)

61. Plaintiff Randall Clark repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

62. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence owed a duty of care to Plaintiff Randall Clark to organize, supervise, and conduct the youth football event in a reasonably safe manner.

63. This duty included, but was not limited to:

- Providing adequate security and supervision;

- Monitoring and controlling aggressive or escalating behavior;

- Implementing crowd control measures;

- Providing emergency planning and medical response;

- Ensuring the event environment was safe, particularly given the presence of children and families.

64. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence breached their duty of care by failing to implement these reasonable and necessary safety measures.

65. Defendants further breached their duty by failing to intervene when Defendant Dustin Hibbert exhibited aggressive and escalating behavior prior to the assault.

66. Plaintiff Randall Clark specifically sought assistance from Defendants Matt Lawrence and James Lawrence prior to the assault, and they failed to provide any assistance or intervention.

67. The assault on Plaintiff Randall Clark was a foreseeable consequence of Defendants' failure to supervise, control the environment, and respond to escalating tensions.

68. As a direct and proximate result of the negligence of Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence, Plaintiff Randall Clark was assaulted and suffered serious injuries.

69. Plaintiff Randall Clark suffered physical injuries, emotional distress, economic loss, and other damages as a result of Defendants' negligence.

## COUNT THREE

### DEFAMATION

(Against Defendants Dustin Hibbert and Damon Hibbert)

11

70. Plaintiff Randall Clark repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

71. Following the assault, Defendants Dustin Hibbert and Damon Hibbert made false statements accusing Plaintiff Randall Clark of possessing firearms, firing shots, and engaging in serious criminal conduct.

72. These statements were statements of fact, not opinion, and were materially false.

73. Defendants Dustin Hibbert and Damon Hibbert published these false statements to third parties, including individuals present at the event and others.

74. The statements were made with actual knowledge of their falsity or with reckless disregard for the truth.

75. The statements were made with improper motive, including an effort to justify and conceal their assault on Plaintiff Randall Clark.

76. The false accusations constitute defamation per se because they impute serious criminal conduct to Plaintiff Randall Clark.

77. As a direct and proximate result of these defamatory statements, Plaintiff Randall Clark suffered reputational harm, emotional distress, and economic damages.

## COUNT FOUR

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendants Dustin Hibbert and Damon Hibbert)

78. Plaintiff Randall Clark repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

79. Defendants Dustin Hibbert and Damon Hibbert engaged in extreme and outrageous conduct by physically assaulting Plaintiff Randall Clark and then falsely accusing him of serious firearms-related crimes.

80. Defendants Dustin Hibbert and Damon Hibbert knew, or should have known, that their conduct was likely to cause severe emotional distress to Plaintiff Randall Clark.

81. The conduct of Defendants Dustin Hibbert and Damon Hibbert—including a violent physical assault followed by knowingly false accusations of criminal conduct—exceeds all bounds of decency tolerated in a civilized society.

82. As a direct and proximate result of the conduct of Defendants Dustin Hibbert and Damon Hibbert, Plaintiff Randall Clark suffered severe emotional distress, including but not limited to anxiety, humiliation, fear, and ongoing psychological harm.

## COUNT FIVE

### NEGLIGENT SUPERVISION

(Against Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence)

83. Plaintiff Randall Clark repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

84. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence had a duty to supervise participants and maintain a safe environment at the youth football event.

85. Defendant Dustin Hibbert exhibited aggressive, hostile, and escalating behavior prior to the assault on Plaintiff Randall Clark.

86. Defendants Matt Lawrence and James Lawrence observed, or in the exercise of reasonable care should have observed, this behavior.

13

87. Plaintiff Randall Clark sought assistance from Defendants Matt Lawrence and James Lawrence prior to the assault, and they failed to take any action.

88. Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence failed to intervene, failed to control or remove Defendant Dustin Hibbert, and failed to take reasonable steps to prevent the foreseeable harm.

89. The assault on Plaintiff Randall Clark was a foreseeable consequence of Defendants' failure to supervise and control the situation.

90. As a direct and proximate result of the negligent supervision of Defendants 32 Sports, Inc., Matt Lawrence, and James Lawrence, Plaintiff Randall Clark suffered serious physical injuries, emotional distress, and other damages.

**DAMAGES**

91. As a direct and proximate result of the conduct of Defendants 32 Sports, Inc., Matt Lawrence, James Lawrence, Dustin Hibbert, and Damon Hibbert, Plaintiff Randall Clark suffered significant injuries and damages.

92. Plaintiff Randall Clark sustained serious physical injuries, including but not limited to a fractured jaw, head trauma, and other bodily harm, requiring medical treatment and ongoing care.

93. Plaintiff Randall Clark incurred medical expenses and may continue to incur additional medical costs related to his injuries.

94. Plaintiff Randall Clark experienced substantial pain and suffering, both physical and mental, as a result of the assault and its aftermath.

95. Plaintiff Randall Clark suffered severe emotional distress, including anxiety, humiliation, fear, and ongoing psychological harm.

14

96. Plaintiff Randall Clark suffered reputational harm as a result of false accusations made by Defendants Dustin Hibbert and Damon Hibbert, including accusations of serious criminal conduct.

97. Plaintiff Randall Clark suffered loss of employment opportunities, loss of income, and other economic damages as a result of Defendants' actions.

98. Plaintiff Randall Clark also suffered loss of housing opportunities and other consequential damages.

99. Plaintiff Randall Clark has suffered, and may continue to suffer, damages in an amount to be determined at trial, but in excess of $75,000.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Randall Clark respectfully requests that this Court enter judgment in his favor and against Defendants 32 Sports, Inc., Matt Lawrence, James Lawrence, Dustin Hibbert, and Damon Hibbert, and award the following relief:

A. Compensatory damages in an amount to be determined at trial, sufficient to fully compensate Plaintiff for his injuries and losses;

B. Punitive damages against Defendants Dustin Hibbert and Damon Hibbert, and any other Defendant whose conduct is found to be willful, wanton, or reckless;

C. Costs of this action, including filing fees and allowable litigation expenses;

D. Pre-judgment and post-judgment interest as permitted by law;

E. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Respectfully submitted,                                        April 21, 2026

Randall Clark /s/ Randall Clark

122 Sharon Street Apt #.

Medford, Ma 02155

508-371-5287

Rjcconsolidate@gmail.com

**VERIFICATION**

I, Randall Clark, hereby declare under the pains and penalties of perjury, pursuant to 28 U.S.C. §

1746, that the foregoing statements are true and correct to the best of my knowledge,

information, and belief.

Respectfully submitted,                                        April 21, 2026

Randall Clark /s/ Randall Clark

122 Sharon Street Apt #.

Medford, Ma 02155

508-371-5287

Rjcconsolidate@gmail.com

16