UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x

RANDALL CLARK,                          :
                                        :
                    Plaintiff,          :
                                        :
         v.                             :         25-CV-302 (SFR)
                                        :
32 SPORTS, INC. ET AL,                  :
                                        :
                    Defendants.         :
------------------------------------------------------------------- x

**MEMORANDUM & ORDER**

Self-represented plaintiff Randall Clark filed an eleven-count Complaint against eight defendants. *See* Compl., ECF No. 1. Clark asserts claims for assault and battery, unfair trade practices, negligence, defamation, malicious prosecution, abuse of process, negligent hiring, training and supervision, intentional infliction of emotional distress, conspiracy under 42 U.S.C. § 1983, and false arrest. Thereafter, United States Magistrate Judge Vatti issued a Ruling and Recommendation ("R&R") conducting an initial review of the Complaint. For the reasons that follow, I adopt the R&R, with the exception of its recommendations regarding malicious prosecution and false arrest, given that Clark's criminal case has now concluded.

After the R&R was issued, Clark filed a Motion to Amend the Complaint, attaching a Proposed Amended Complaint ("Am. Compl"). Because the Complaint has not yet been served, Clark may amend his complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1). Thus, Clark's Motion to Amend is granted and the Clerk of Court is instructed to file ECF No. 25-1 as a separate docket entry titled Amended Complaint. The Amended Complaint is now the operative complaint.

In this Opinion, after adopting the R&R, I conduct an initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915.

## I.  BACKGROUND

Clark filed a Complaint on February 13, 2025. Compl., ECF 1. Clark also moved for leave to proceed *in forma pauperis*. ECF No. 2. Leave to proceed *in forma pauperis* was granted on April 25, 2025. ECF No. 17. I referred the case to Judge Vatti to conduct an initial review pursuant to 28 U.S.C. § 1915. ECF No. 18. Judge Vatti issued an R&R analyzing the sufficiency of the Complaint on June 12, 2025. Rec. Ruling on Init. Rev. of Compl. ("R&R"), ECF No. 22. Clark timely objected to the R&R. Pl.'s Obj. to Mag. Judge's Rec. Ruling ("Pl.'s Obj."), ECF No. 23. On May 4, 2026, Plaintiff filed a Motion to Amend his Complaint, ECF No. 25, attaching a proposed Amended Complaint, ECF No. 25-1.

## II.  LEGAL STANDARD

### A.  Review of Recommended Rulings

Pursuant to Federal Rule of Civil Procedure 72, "[a] district judge may refer a case-dispositive matter such as a motion for summary judgment to a magistrate judge, but 'only for recommendation, not for decision.'" *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)). After the magistrate judge issues an R&R, a party may "object to the R&R, in whole or in part." *Id.* "[A]ny part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*." *Id.* (quoting *Arista Recs.*, 604 F.3d at 116). In the absence of objection, the court reviews the R&R for clear error. *Nambiar*, 158 F.4th at 359 (2d Cir. 2025); *Rubinstein & Assocs., PLLC v. Entrepreneur Media, Inc.*, 554 F. Supp. 3d 506, 510 (E.D.N.Y. 2021); *see also* Fed. R. Civ. P. 72 advisory committee's note to

1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Throughout, I am obliged to give "special solicitude" to litigants who proceed without the assistance of an attorney. *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023). I must construe *pro se* pleadings liberally "to raise the strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006), and afford lenience in applying procedural rules, *Tracy v. Freshwater*, 623 F.3d 9y0, 101 (2d Cir. 2010).

### B.    Initial Review of *In Forma Pauperis* Complaints

Pursuant to 28 U.S.C. § 1915(e), the district court must review *in forma pauperis* complaints and dismiss any complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The term "frivolous" in § 1915 applies to "not only the inarguable legal conclusion, but also the fanciful factual allegation," and courts must dismiss a claim that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Separately, to determine whether a complaint fails to state a claim, the court assesses whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court liberally construes pleadings and briefs submitted by self-represented plaintiffs, "reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). If a pro se complaint is

3

dismissed upon initial review, the court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

## III.    DISCUSSION

After the R&R was issued, Clark filed an Amended Complaint that retains some claims in the Original Complaint but abandons others. Below, I first explain my adoption of the R&R with respect to the original Complaint and then conduct an initial review of Clark's Amended Complaint pursuant to 28 U.S.C. § 1915(e).

### A.    Original Complaint

In his Objection, Clark states in general terms that the R&R overlooks factual allegations in the original Complaint and misapplies pleading standards. However, with respect to each count, Clark states his agreement with the recommendations contained in the R&R. Thus, in the absence of any particular objection, I review the R&R for clear error. I find no clear error and adopt the R&R's recommendations as to Counts One through Four, Sevent, and Eight. The analysis relating to Counts Five, Six, Nine, Ten, and Eleven now differs because Clark's criminal case has concluded since the R&R was issued. I discuss those counts below.

#### 1.    Counts Five and Eleven of the Original Complaint

Counts Five alleges a claim of malicious prosecution under 42 U.S.C. § 1983 and Connecticut common law. Count Eleven essentially duplicates Count Five. The R&R recommended that Counts Five and Eleven be dismissed without prejudice because Clark

could not allege a favorable termination since the state court proceedings were still pending at the time the R&R was issued.

On October 20, 2025, Clark submitted a notice that he "was accepted into the Connecticut Superior Court's Accelerated Rehabilitation (AR) Program." ECF No. 24, at 1. "Under the terms of the AR Program, Plaintiff's charges will be dismissed if he remains arrest-free and in compliance for 90 days from August 2, 2025 approximate date November 25, 2025 [sic]." *Id*. The elements of a § 1983 malicious prosecution claim are the same as the state law claim, with the additional requirement that the plaintiff must prove a Fourth Amendment violation. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009). Under Connecticut state law, "[a]n action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *McHale v. W. B. S. Corp.*, 187 Conn. 444, 447 (1982).

The Second Circuit has held that dismissal of charges pursuant to Connecticut's accelerated rehabilitation program, however, is not a favorable termination for purposes of a § 1983 malicious prosecution claim. "A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim. Thus, we hold that a dismissal pursuant to the Connecticut accelerated pretrial rehabilitation program is not a termination in favor of the accused for purposes of a civil rights suit." *Roesch v. Otarola*, 980 F.2d 850, 853 (2d Cir. 1992); *see also Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d

5

Cir. 2011) (relying on *Roesch*); see also *Alvarez v. City of New Britain*, No. 3:19-CV-723 (VLB), 2021 WL 4193069, at *9 (D. Conn. Sept. 15, 2021) (same). Connecticut courts have held the same with respect to state common law malicious prosecution claims. See *Koulmey v. Sweeney*, No. CV156028757S, 2018 WL 2471330, at *5 (Conn. Super. Ct. May 17, 2018) ("The criminal charges against the defendant were dismissed as a result of the defendant's successful completion of the Accelerated Rehabilitation program offered to first-time offenders. Thus, there is no genuine issue of material fact that the criminal proceedings did not terminate in favor of Sweeney. . . While *Roesch* involved a section 1983 claim, this court finds that its tenets apply with equal measure to actions for malicious prosecution.").

Nevertheless, "courts must engage in a charge-by-charge approach in determining whether the favorable termination element is satisfied for a malicious prosecution claim." *Carruthers v. Colton*, 153 F.4th 169, 185 (2d Cir. 2025). In other words, when some charges brought in a prosecution are terminated favorably whereas other charges are unfavorably terminated, a plaintiff may nonetheless be able to pursue a malicious prosecution claim based on those charges that were favorably terminated. It is unclear from Clark's submission if all of Clark's charges were resolved through the accelerated rehabilitation program or if some of his charges were simply dismissed. To the extent Clark can allege favorable termination of any of his charges—along with facts that meet the other requirements of a malicious prosecution claim under Connecticut common law or § 1983—he is granted leave to file an amended complaint stating such a claim.

### 2.    Count Ten of the Original Complaint

Count Ten asserts a claim for false arrest and imprisonment. "[T]he applicable law for these two causes of action [false arrest and false imprisonment] is identical*." Outlaw v. City*

6

*of Meriden*, 43 Conn. App. 387, 392 (1996). "To state a valid claim for false arrest or malicious prosecution under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citing *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010), and *Jaegly v. Couch*, 439 F.3d 149, 151-52 (2d Cir. 2006)).

In *Roesch v. Otarola*, 980 F.2d 850 (2d Cir. 1992), the Second Circuit held, invoking Connecticut law, that favorable termination is an element of "a section 1983 claim sounding in false imprisonment or false arrest." *Id.* at 853-84; *see also Mendes v. Cunningham*, No. 3:21-CV-1527 (JAM), 2022 WL 2104515, at * 2 (D. Conn. June 10, 2022) ("In Connecticut, a plaintiff who alleges a claim for malicious prosecution and false arrest must show both an absence of probable cause and that the underlying charges terminated favorably to the plaintiff.").[1]

Since the original Complaint does not plead facts demonstrating that the underlying charges were terminated favorably, the Complaint fails to state a claim for false arrest.

---

[1] No Connecticut Appellate or Supreme Court squarely addresses whether favorable termination is an element of a false arrest claim, and Connecticut Superior Court decisions are split on the issue. *Compare Morin v. Ivanova*, No. NNI-CV25-5018598S, 2026 WL 674107, at * 5 (Conn. Super. Ct. Mar. 6, 2026) ("The four elements of a false arrest claim are . . . and (4) that the matter terminated in plaintiff's favor."), *with Burton v. Mason*, No. X06UWYCV215028294S, 2022 WL 433695, at *7 (Conn. Super. Ct. Jan. 21, 2022) (concluding that favorable termination is not an element of a false arrest claim under Connecticut law); *see also Mims v. Laprey*, No. 3:24-CV-238 (SVN), 2024 WL 3090481, at *7 n.4 (D. Conn. June 21, 2024) ("Some Connecticut Superior Court cases question whether favorable termination is a required element of a false arrest claim."). However, "[a]bsent precedential Connecticut court guidance, this Court follows Second Circuit precedent that Connecticut law requires a favorable termination of a prosecution." *Id.*; *see also Miles*, 445 F. App'x at 383 (noting that the unsettled nature of Connecticut law regarding false arrest "in no way erodes the authority of *Roesch*, which is binding on this panel.").

Moreover, I decline to grant Clark leave to amend this claim because for purposes of false arrest claims, a plaintiff must show favorable termination on all charges, not just some charges. *See Jaegly,* 439 F.3d at 154 ("[W]e conclude here that a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge."). Given at least some of Clark's charges were resolved through the accelerated rehabilitation program, it would be futile to allow him leave to amend the false arrest claim.

### 3. Count Nine of the Original Complaint Conspiracy to Violate Civil Rights

Count Nine alleges a conspiracy on the part of Defendants 32 Sports, Inc., Officer Collins, Officer Potter, Matt Lawrence, and James Lawrence to violate Clark's civil rights. As the R&R articulates, a conspiracy to violate civil rights requires the violation of a federal civil right and a viable § 1983 claim. A conspiracy claim under § 1983 "will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). Because I am granting Clark leave to amend his § 1983 malicious prosecution claim, I will also give him leave to amend his civil rights conspiracy claim.

### 4. Count Six of the Original Complaint

Count Six asserts an abuse of process claim against Officers Collins and Potter. The R&R recommends dismissal of this claim on two grounds: (1) it is premature and (2) it does not state a plausible abuse of process claim. R&R 13-14. The claim is no longer premature. Nevertheless, I agree with the R&R's conclusion that Count Six does not raise a reasonable inference that the police acted with an improper purpose because the allegations suggest a good

faith effort to comply with the Freedom of Information Act provisions at Conn. Gen. Stat. § 1-215(b), which restrict disclosure of arrest records including incident reports. *Id.* at 14. Accordingly, Count Six fails to state a valid claim for abuse of process against Officers Collins and Potter. Clark is granted leave to file an amended complaint that addresses the deficiencies with the abuse of process claim identified in the R&R.

## B.    Amended Complaint

Since the filing of the R&R, Clark filed a Motion to Amend the Complaint, in which he attaches a proposed Amended Complaint that declines to pursue some of the claims in the original Complaint and declines to name as defendants the Town of Groton, Groton Police Department, Officer Andrew Collins, and Officer Potter. ECF No. 25-1. As noted above, I grant Clark's Motion to Amend his Complaint and instruct the Clerk of Court to file ECF No. 25-1 as a separate docket entry titled Amended Complaint.

The Amended Complaint contains five counts and relies on diversity as the basis of jurisdiction.[2] I conduct an initial review of each count pursuant to 28 U.S.C. § 1915.

### 1.    Count One—Assault and Battery

Count One of the Amended Complaint brings a claim for Assault and Battery against Defendants Dustin Hibbert and Damon Hibbert (the "Hibbert Brothers"). The R&R recommended that Count One of the original Complaint, stating a claim for Assault and Battery, be allowed to proceed against the Hibbert Brothers. R&R 5-6. Because the factual allegations in Count One of the Amended Complaint as to the Hibbert Brothers are substantially the same as in the original Complaint, I will allow the claims in Count One of the

---

[2] Plaintiff is a citizen of Massachusetts and Defendants are citizens of Connecticut. The Amended Complaint alleges the amount in controversy exceeds $75,000. Am. Compl. 4.

Amended Complaint to proceed against the Hibbert Brothers for the reasons stated in the R&R. *Id.* at 6.

### 2.    Count Two—Negligence

Count Two of the Amended Complaint brings a claim for negligence against Defendants 32 Sports, Inc. and Matt Lawrence and James Lawrence (the "Lawrence Brothers"). Am. Compl. 9-10. The R&R recommended that Count Three of the original Complaint, stating a claim for negligence, be allowed to proceed against 32 Sports, Inc. and the Lawrence Brothers. R&R 9-10. Because the factual allegations of negligence in Count Two of the Amended Complaint as to 32 Sports, Inc. and the Lawrence Brothers are substantially the same as in the original Complaint, I will allow the claims in Count Two of the Amended Complaint to proceed against 32 Sports, Inc. and the Lawrence Brothers for the reasons stated in the R&R. *See id.*

### 3.    Count Three—Defamation

Count Three of the Amended Complaint brings a claim for defamation against the Hibbert Brothers. Am. Compl. 11-12. The R&R recommended that Count Four of the original Complaint, stating a claim for defamation, be allowed to proceed against the Hibbert Brothers. R&R 10-11. Because the factual allegations of defamation in Count Three of the Amended Complaint as to the Hibbert Brothers are substantially the same as in the original Complaint, I will allow the claims in Count Three of the Amended Complaint to proceed against the Hibbert Brothers for the reasons stated in the R&R. *See id.*

### 4.    Count Four—Intentional Infliction of Emotional Distress

Count Four of the Amended Complaint brings a claim for intentional infliction of emotional distress against the Hibbert Brothers. Am. Compl. 12-13. The R&R recommended

that the claims for intentional infliction of emotional distress in Count Eight of the original Complaint be allowed to proceed against the Hibbert Brothers. R&R 20. Because the factual allegations of intentional infliction of emotional distress in Count Four of the Amended Complaint as to the Hibbert Brothers are substantially the same as in the original Complaint, I will allow the claims in Count Four of the Amended Complaint to proceed against the Hibbert Brothers for the reasons stated in the R&R. *See id.*

### 5.      Count Five—Negligent Supervision

Count Five of the Amended Complaint brings a claim for negligent supervision against Defendants 32 Sports, Inc. and the Lawrence Brothers. Am. Compl. at 13-14. The R&R recommended that the claims for negligent hiring, training, and supervision in Count Seven of the original Complaint be dismissed with leave to amend as to 32 Sports, Inc. and the Lawrence Brothers.

The R&R found that Clark failed to state a viable claim for negligent supervision in his original Complaint because "the allegations do not support the reasonable inference that the Lawrence brothers and 32 Sports, Inc. [knew] that Dustin Hibbert had a propensity for violent behavior and that the defendants knew or should have known that information." R&R 16; *see also Pittman v. Bombardier Recreational Prods., Inc.*, No. 3:22-cv-1115 (VAB), 2023 WL 4157345, at *9 (D. Conn. June 23, 2023) (dismissing negligent hiring and supervision claim that neither alleged that employee had propensity to engage in the injurious conduct nor that the employer had any warning of that propensity); *Karlen v. Uber Techs., Inc.*, No. 3:21-cv-835 (VAB), 2023 WL 3570635, at *3-5 (D. Conn. May 19, 2023) (dismissing negligent supervision claim that alleged inadequate background check but not what employer would have discovered).

11

In his Amended Complaint, Clark alleges that the Lawrence Brothers, both officers of 32 Sports, Inc., had a duty to supervise Dustin Hibbert, an employee of 32 Sports, Inc. Am. Compl. ¶¶ 18-21, 84. The Amended Complaint also alleges that "Defendant Dustin Hibbert exhibited aggressive, hostile, and escalating behavior prior to the assault on Plaintiff Randall Clark. Defendants Matt Lawrence and James Lawrence observed, or in the exercise of reasonable care, should have observed, this behavior." *Id.* ¶¶ 85, 86. Moreover, the Amended Complaint alleges that the "assault on Plaintiff Randall Clark was a foreseeable consequence of Defendants' failure to supervise and control the situation." *Id.* ¶ 88.

"An employer may be held liable for the negligent supervision of an employee where the plaintiff suffered an injury due to the [employer]'s failure to supervise an employee whom the [employer] had [a] duty to supervise." *Karlen*, 2023 WL 3570635, at *3 (internal quotation marks omitted; alteration in original). "An employer, however, does not have a duty to protect a plaintiff from an employee's tortious acts, whether due to allegedly negligent hiring or supervision, 'unless the [employer] knew or reasonably should have known of the employee's propensity to engage in that type of tortious conduct.'" *Id.* (quoting *Michalsky v. Moffly Pubs., Inc.*, No. FSTCV196042420S, 2020 WL 5537003, at *5 (Conn. Super. Ct. Aug. 13, 2020)). The court in *Michalsky* observed that a plaintiff need not show that the "particular injury which resulted was foreseeable" but rather, "the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" *Michalsky*, 2020 WL 5537003 at *5.

Here, the Amended Complaint sufficiently alleges that 32 Sports, Inc. and the Lawrence Brothers should have foreseen that Dustin Hibbert would cause harm of the general nature that Clark experienced. *See Michalsky*, 2020 WL 5537003, at *5 (denying motion to strike claim

12

of negligent supervision where "the complaint alleges, *inter alia*, that Feidt, an employee at Moffly Media, exhibited hostile behavior toward Plaintiff in the workplace, including physical threats, as well as hostile physical contact and that as a result of the negligent supervision of Mr. Feidt by Moffly Media, Plaintiff has suffered physical and emotional pain and distress") (internal quotation marks omitted). Accordingly, Clark has stated a viable claim for negligent supervision and Count Five may proceed to service.

## IV.    CONCLUSION

In sum, as set forth above, I have adopted the R&R as to Clark's original Complaint. I have also granted Clark's Motion to Amend his Complaint and conducted an initial review of the Amended Complaint. All five counts of the Amended Complaint may proceed to service. In addition, Clark is granted leave to file a Second Amended Complaint that includes a malicious prosecution claim, a civil rights conspiracy claim, and an abuse of process claim— to the extent he can address the deficiencies identified in this Opinion with respect to those claims.

### A.    Service

Clark now has two options as to how to proceed:

(1) If Clark wishes to proceed immediately with the five counts in the Amended Complaint, he may do so without further delay. If Clark selects this option, he shall file a notice on the docket on or before **June 22, 2026**, informing the Court that he elects to proceed with service of those claims against the named Defendants.

(2) Alternatively, if Clark wishes to attempt to replead the other claims asserted in his original Complaint that I have stated he may attempt to replead, Clark may file a Second Amended Complaint on or before **June 22, 2026**. A Second Amended Complaint, if filed, will

13

completely replace the original Complaint and the Amended Complaint, and the Court will not consider any allegations made in the original Complaint or Amended Complaint in evaluating any Second Amended Complaint. The court will review any Second Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein. If Clark elects to file a Second Amended Complaint, the Amended Complaint will not proceed to service of process on any defendant.

If the Court receives no response from Clark on or before **June 22, 2026**, the Court will presume that Clark wishes to proceed on the Amended Complaint as to the claims permitted to go forward in this Order, and Clark will have to show good cause if he seeks to amend the Complaint in any manner in the future.

**SO ORDERED.**

New Haven, Connecticut
May 20, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge

14